JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

13-CV-5714

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

13  5714

## I. (a) PLAINTIFFS
Crystal Danzler

**DEFENDANTS**
City of Philadelphia, Officers Thomas Liciardello, Michael Spicer, Brian Reynolds, Perry Betts, Brian Speiser, and Lt. Robert Otto

(b) County of Residence of First Listed Plaintiff   Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gerald J. Williams, Esq., Williams, Cuker, Berezofsky, LLC
1515 Market St., Ste 1300, Philadelphia, PA 19102   215-557-0099

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983
Brief description of cause:
false arrest and malicious prosecution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE  Diamond   DOCKET NUMBER  12-5690

DATE  09/30/13
SIGNATURE OF ATTORNEY OF RECORD

SEP 30 2013

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT **13 5714**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1424 Green Lane, Philadelphia, PA 19141

Address of Defendant: City of Philadelphia, Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: 12-5690   Judge: Diamond   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Gerald J. Williams, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 09/30/13    _____    36418
                  Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/30/13    _____    36418
                  Attorney-at-Law            Attorney I.D.#

CIV. 609 (6/08)

SEP 30 2013



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Crystal Danzler, aka Crystal Young | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia, et al. | : | NO. 13  5714 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x)

| 09/30/13 | Gerald J. Williams | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 215.557.0099 | 215.557.0673 | gwilliams@wcblegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 3 0 2013



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL DANZLER /a/k/a | : | |
| CRYSTAL YOUNG | : | CIVIL ACTION NO.: |
| 1424 Green Lane | : | |
| Philadelphia, PA  19141 | : | **13    5714** |
| | : | |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | **FILED** |
| P/O THOMAS LICIARDELLO, | : | |
| P/O  MICHAEL SPICER, | : | SEP 3 0 2013 |
| P/O BRIAN REYNOLDS, P/O PERRY | : | MICHAEL E. KUNZ, Clerk |
| BETTS, P/O BRIAN SPEISER, LT. | : | By_____Dep. Clerk |
| ROBERT OTTO, AND | : | |
| CITY OF PHILADELPHIA | : | |
| | | |
| DEFENDANTS | | |

Complaint (Civil Action)

I. PRELIMINARY STATEMENT

1. In December 2012, local media revealed that several members of the Philadelphia Police Department's Narcotics Field Unit had, for a significant length of time, used improper and unconstitutional means to investigate and prosecute narcotics violations, including acquiring warrants by misrepresentation, illegally entering private property, illegally searching and detaining persons and property, and subjecting individuals to unlawful arrest, detention, and prosecution. Philadelphia District Attorney Seth Williams announced he would no longer accept testimony from Officers Michael Spicer, Thomas

1



Liciardello, Brian Reynolds, Perry Betts, Brian Speiser, and Lt. Robert Otto in drug cases, believing each had lost their credibility, and would no longer accept narcotics charges when any of these officers is a necessary witness. Since then, numerous cases these officers have been involved with have been dismissed or overturned. In fact, there is a longstanding history of egregious illegal and unconstitutional conduct on the part of Philadelphia Police Officers engaged in narcotics enforcement. Plaintiff brings this action under 42 U.S.C. § 1983 for money damages and other relief. Plaintiff seeks redress for false arrest and malicious prosecution, committed in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

## II. JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(1), (3), and (4). This Court has jurisdiction to adjudicate plaintiff's state law claims under 28 U.S.C. § 1367(a).

3. Venue is properly laid in this judicial district, as all defendants are found therein, and all acts and events giving rise to the complaint occurred therein.

## III. PARTIES

4. Plaintiff Crystal Dantzler a/k/a Crystal Young is a citizen of the United States with a residence in the Commonwealth of Pennsylvania at the above captioned address, and at all relevant times to this case was in the Eastern District of Pennsylvania.

5. Defendant City of Philadelphia is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs, and controls the Philadelphia Police Department

("PPD"), and, by and through its officials with final authority to do so, promulgates, implements and maintains policies, practices and procedures for the Department and its police officers.

6. Defendants Liciardello, Betts, Spicer, Speiser, and Reynolds, Ott ("defendant officers") are police officers, and a Lt. respectively, for the Philadelphia Police Department and assigned to the Narcotics Field Unit ("NFU"). The defendant officers are sued in their individual capacities.

7. At all relevant times, all defendants were acting in concert and conspiracy and their actions deprived plaintiff of her constitutional and statutory rights.

8. At all relevant times, all defendants acted under color of state law.

## IV. FACTUAL ALLEGATIONS

9. On September 28, 2011, between 7-8pm, defendant officers, entered the home of plaintiff located at 1424 Green Lane, Philadelphia, PA 19141.

10. Defendant Liciardello claimed to have a search warrant for the property, but at no time was the search warrant shown to plaintiff.

11. Plaintiff was held in her dining room while defendants and other officers ransacked her home causing damage including but not limited to damage to her couch and other furniture, and damage to the carpet on her living room stairs.

12. Defendants allege to have found a bag of prescription medications, along with prescription pads and $1,020.00 cash in plaintiff's residence.

13. Plaintiff was arrested by defendant Liciardello and her property seized.

14. Plaintiff was charged with a variety of crimes related to possession of allegedly illegal possession of prescription medications.

3

15. Plaintiff was confined in county jail until on or about October 6, 2011 when her bail was posted.

16. As a result of her confinement, plaintiff was out of work and lost wages for a period of seven days. Plaintiff lost additional time from work as a result of multiple court appearances related to the charges against her.

17. Following her confinement, plaintiff's property remained sealed, and she was without access to her personal property including but not limited to, diabetes medications and supplies.

18. Plaintiff and her teenage son were forced to reside at a hotel due to the seizure of the property, and as a result incurred expenses related to the same.

19. As a result of the seizure of her property, plaintiff was forced to change her locks and incurred costs in the amount of $750.

20. At no time on September 28, 2011 was plaintiff in possession of any illegally obtained prescription drugs, contraband items or materials, or engaged in any criminal conduct.

21. Unbeknownst to plaintiff at the time of her arrest, officials of the Philadelphia District Attorney's Office and the PPD were aware of a long-standing pattern of misconduct perpetuated by defendants and other members of the NFU.

22. Said pattern included the fabrication of probable cause for searches and seizures, false arrests, misleading or deceptive affidavits and other statements of probable cause, theft of money and other property from suspects and arrestees, and the provision of unreliable or false evidence and testimony in the course of numerous investigations and prosecutions.

23. On December 3, 2012, in light of its knowledge regarding defendants and their fellow NFU officers, the District Attorney's Office issued a letter to the Commissioner of the

4

PPD declaring that the District Attorney would no longer accept or use testimony from them. In the succeeding weeks, given the severity of the misconduct of defendants and other NFU officers, criminal charges have been dismissed against nearly 300 persons whom they arrested.

24. The charges against plaintiff were ultimately nolle prossed.

25. As a result of her false arrest and related confinement, plaintiff suffered significant damages and harms, including but not limited to:
    a) loss of liberty;
    b) emotional distress;
    c) deprivation of property;
    d) interference with daily activities;
    e) wage loss and loss of earning capacity, some of which are ongoing and/permanent.

26. Plaintiff's damages and harms were caused by the culpable conduct of defendants, as alleged in greater detail hereinbelow.

27. The conduct of defendant officers was carried out in wanton and outrageous disregard for the constitution and plaintiff's rights thereunder, and was motivated solely by their self-interest, completely unrelated to the administration of justice, thereby warranting an award of exemplary damages against them.

## V. CAUSES OF ACTION

### COUNT I
### Plaintiff v. Defendant Officers
### 42 U.S.C. § 1983

28. Plaintiff incorporates by reference paragraphs 1 through 27 as though each were set forth in their entirety.

29. Plaintiff suffered the harms and damages alleged hereinabove as a direct and proximate result of defendants' violation of her rights under the Fourth and Fourteenth Amendment to be free from false arrest and unreasonable search and seizure, malicious prosecution, wrongful conviction and incarceration, and deprivation of liberty and property without due process.

### Count II
### Plaintiff v. Defendant Officers
### 42 U.S.C. § 1983 (Conspiracy)

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though each were set forth in their entirety.

31. Defendants, acting within the scope of their employment as police officers and under color of state law, agreed between themselves and/or other individuals to act in concert to deprive plaintiff of clearly established Constitutional rights, as alleged hereinabove.

32. In furtherance of the conspiracy, defendants engaged in and/or facilitated multiple overt acts, including but not limited to:

   a)   fabricating probable cause to arrest plaintiff;

   b)   fabricating evidence to advance plaintiff's prosecution and/or conviction;

   c)   providing false corroboration of each other's false statements and accounts;

d) stealing and retaining money belonging to plaintiff, and falsifying reports regarding plaintiff's property.

33. As a result of defendants' conspiracy and acts in furtherance of it, plaintiff suffered the harms and damages alleged hereinabove.

## Count III
## Plaintiff v. City of Philadelphia
## 42 U.S.C. §1983

34. Plaintiff incorporates by reference paragraphs 1 through 33 as though each were set forth in their entirety.

35. There is longstanding and well-known history of Philadelphia Police Officers engaging in egregious, illegal, and unconstitutional conduct in the course of investigating and prosecuting narcotics offenses, including:

   a. the "One Squad Scandal" of the early 1980's when Philadelphia narcotics officers were convicted of selling drugs stolen from dealers;

   b. federal convictions of the "Five Squad" for, among other things, racketeering in the 1980s;

   c. The 39th District scandal that came to light in 1995 when members of the 39th Police District were federally prosecuted and convicted of violating the rights of, and stealing from, Philadelphians;

   d. federal narcotics convictions that were overturned in 1998 when internal affairs found that a Philadelphia Police Department narcotics officer was potentially corrupt; and

  e. the events described in the Philadelphia Daily News series titled "Tainted Justice."

36. The individual defendants' violations of plaintiff's constitutional rights and his related damages were caused, encouraged, tolerated and/or ratified through longstanding policies, practices, customs, and usages maintained by the City of Philadelphia and its Police Department.

37. These polices, practices, customs, and usages, all maintained with deliberate indifference, included but were not limited to:

  a. failure to supervise, monitor, or properly train officers adequately in the proper exercise of police powers;

  b. failure to supervise, monitor, and properly train police officers adequately regarding false arrest, malicious prosecution, and citizens' constitutional and civil rights;

  c. failure to supervise, monitor, and properly train police officers regarding their duty to report and disclose the misconduct and illegal actions of other officers;

  d. failure to monitor police officers whose conduct it knew violated constitutional and legal requirements; and

  e. failure to supervise, investigate, or discipline appropriately defendants and other officers it knew violated citizens' rights on a repeated basis, and/or repeatedly provided false or fabricated evidence in the course of investigations, arrests, and prosecutions.

38. With respect to defendants and other NFU officers, the City and its high-ranking officials were aware of numerous facts and circumstances from which it did know, or could have

and should have inferred, that defendants were engaged in a longstanding pattern of illegal and unconstitutional conduct consistent with the conduct by which they victimized plaintiff.

39. Such facts and circumstances included but were not limited to:

   a. numerous citizen complaints against the officers;

   b. numerous civil lawsuits against the officers and discovery obtained therein;

   c. numerous complaints by other officers, including complaints forwarded to the Department's Internal Affairs Division;

   d. numerous successful motions to suppress evidence purportedly obtained by the officers in the course of their investigation.

40. Despite these facts and circumstances, and the known conduct of defendants, the City and its officials remained deliberately indifferent to them and the risks they engendered for the violation of citizens' rights, and failed to take any meaningful actions to address them.

41. Further, the City of Philadelphia is deliberately indifferent to the need to train, supervise, and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

   a. There are excessive and chronic delays in resolving disciplinary complaints;

   b. There is a lack of consistent, rational, and meaningful disciplinary and remedial actions;

   c. There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct;

9

d. The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

e. The PPD's discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not penalized in proportion to the number of violations;

f. The conduct of IAD officers demonstrates that PPD internal affairs personnel are inadequately trained and supervised in the proper conduct of such investigations;

g. A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

h. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD's findings and conclusions;

i. The PPD lacks an effective early warning system to identify, track, and monitor "problem" officers;

j. Despite the fact that the defendant officers and others assigned to the NFU had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of any early warning system;

k. Despite numerous prior complaints against the defendant officers, the PPD took no meaningful disciplinary or remedial actions;

l. Despite numerous prior complaints against the defendant officers, the PPD took no meaningful steps to more closely monitor, retrain, and supervise the officers;

m. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are

below standards of acceptable police practice and fail to address key issues in the cases.

42. As a result, defendants operated in a "culture" that facilitated and encouraged their unconstitutional misconduct, a culture that was so firmly established as to compromise a "policy" of the City of Philadelphia, and, as aforesaid, resulted in harm to plaintiff.

## VI. JURY DEMAND

43. Plaintiff demands a jury determination of all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays the Court for judgment in his favor, against all defendants, individually, jointly and severally, and asks for the following relief:

a) compensatory and general damages;

b) punitive damages against defendant officers;

c) attorney's fees and costs pursuant to 42 U.S.C. § 1988;

d) such interest and other costs as are allowed by law;

e) such other relief as the Court deems just and equitable.

Respectfully submitted,

_____
GERALD J. WILLIAMS, ESQUIRE
Attorney I.D. #36418
Beth G. Cole, Esquire
Attorney I.D. #36419
Christopher Markos, Esquire
Attorney I.D. # 308997
Williams Cuker Berezofsky, LLC
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
Phone: 215.557.0099

                              Facsimile: 215.557.0673
                              Email: gwilliams@wcblegal.com

                              Stephen S. Pennington, Esquire
                              Law Offices of Stephen S. Pennington
                              1515 Market Street, Suite 1300
                              Philadelphia, PA 19102-1929
                              Phone:  215.564.2363
                              Facsimile: 215.557.7602
                              Email: spenningtonlaw@aol.com

Dated: September 30, 2013